IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD SYNNESTVEDT, )
)
    Plaintiff, )
)
v. ) Case No. CIV-09-443-M
)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
)
    Defendant. )

# REPORT AND RECOMMENDATION

The Defendant moves for dismissal based on failure to timely effect service. This motion should be granted.

## Characterization of the Plaintiff's Opening Brief as the Equivalent of a Complaint

As the Defendant points out, the Plaintiff must serve the complaint with the summons.[1] The Plaintiff characterizes his opening brief as the equivalent of a "complaint" and states that this document had been served on the Attorney General, the United States Attorney, and the Commissioner of Social Security. This argument is flawed.

Mr. Synnestvedt argues that his opening brief "gave all the information and went well beyond the contents of a simply complaint." Plaintiff's Response to Defendants [sic] Motion

---

[1] *See* Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); Fed. R. Civ. P. 4(i)(2) (stating that in a suit against a United States officer in an official capacity, the claimant must serve "a copy of the summons and of the complaint").

to Dismiss at p. 2 (Dec. 5, 2009) (Doc. 31). The Plaintiff is correct, but the excess is what differentiates his brief from a "complaint." As the Plaintiff states, Fed. R. Civ. P. 8(a) requires only "short and plain" statements of the claim and jurisdiction, along with a demand for judgment. *Id.* But Rule 8(a) sets the ceiling, rather than the floor, for the contents of a "complaint."[2] As the Plaintiff states, he "went well beyond" the requirements of Rule 8(a) in the opening brief. *See supra* pp. 1-2. Because he did so, his brief did not constitute a "complaint" under Rule 8(a).[3]

---

[2] The Tenth Circuit Court of Appeals has explained:

> Frazier tries to save his complaints by arguing that Rule 8(a) establishes a floor (the complaint must *at least* be "a short and plain statement") instead of a ceiling (the complaint must be *no more than* "a short and plain statement"). We have previously indicated, however, that Rule 8(a) establishes the latter: "It was sufficient, *and indeed all that is permissible*, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary *or permissible* . . . ." This interpretation of Rule 8(a) squares with the plain text of the rule, which requires the complaint to be a short and plain statement.

*Frazier v. Ortiz*, 2007 WL 10765, Westlaw op. at 2 (10th Cir. Jan. 3, 2007) (unpublished op.; citations omitted & emphasis in original).

[3] Because the Plaintiff's opening brief is premature, the Court struck the document. Order at p. 1 (Sept. 2, 2009) (Doc. 11). The Plaintiff inexplicably refiled the document, and the Court again struck it on grounds of prematurity. Order (Sept. 16, 2009) (Doc. 18). Thus, even if the opening brief could provide the equivalent of a "complaint," it became a nullity when it was stricken.

Whether the Plaintiff Served the Complaint with the Summons

The resulting issue is whether the Plaintiff served the complaint with the summons. On this issue, Mr. Synnestvedt bears the burden of persuasion.[4] The Plaintiff responds that he "believes" he had served the complaint, but has not presented anything more. Indeed, in the returns of service, the affiants purported to list the documents that were served.[5] None of the affidavits include the complaint among the list of documents that were served.[6] In these circumstances, the Court should conclude that Mr. Synnestvedt has not satisfied his burden of proof regarding the validity of service. The failure to serve the complaint is fatal under Rule 4. *See Albra v. Advan, Inc.*, 490 F.3d 826, 828-29 (11th Cir. 2007) (upholding dismissal under Rule 4(c) when the plaintiff served the summons but failed to include a copy of the complaint).

---

[4] *See Rivera v. Nissan Manufacturing* Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986) (*per curiam*) ("The burden of proof to establish proper service of process was upon plaintiffs." (citations omitted)); *Grand Entertainment Group, Ltd. v. Star Media Sales,* Inc., 988 F.2d 476, 488 (3d Cir. 1993) ("we note that the party asserting the validity of service bears the burden of proof on that issue" (citation omitted)); *System Signs Supplies v. United States Department of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (*per curiam*) ("[w]hen service of process is challenged, the serving party bears the burden of proving its validity" (citations omitted)); *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (stating that when the validity of service is challenged, the burden of proof is borne by the party on whose behalf service is made).

[5] *See* Doc. 25 (return of service for the Social Security Administration); Docs. 26, 28 (returns of service for the United States Attorney's office); Doc. 27 (return of service for the Department of Justice).

[6] *See* Doc. 25 (return of service for the Social Security Administration); Docs. 26, 28 (returns of service for the United States Attorney's office); Doc. 27 (return of service for the Department of Justice).

The Request for an Additional Extension of Time

The Plaintiff alternatively seeks extra time to effect service. Under Fed. R. Civ. P. 4(m), the Plaintiff is entitled to extra time upon a showing of good cause. However, Mr. Synnestvedt has not shown good cause for more time than he has already received.

When a claimant urges "good cause" under Rule 4(m), he "must show meticulous efforts to comply with [Rule 4(m)]." *Broitman v. Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citation omitted). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service." *Id.* at 176. Similarly, "good cause" cannot ordinarily be based on an attorney's "[m]istake" or "ignorance of the rules." *Id.* (citations omitted).

Mr. Synnestvedt points to a portion of Fed. R. Civ. P. 4(i)(3), quoting the rule to state: "The court shall allow a party reasonable time to serve processes under 4(i) for the purposes of curing the failure to cure its failure." Plaintiff's Response to Defendants [sic] Motion to Dismiss at p. 4 (Dec. 5, 2009) (Doc. 31). The language in the purported quotation does not appear in Rule 4(i). Indeed, this rule expressly limits the mandatory extension of time to situations in which the claimant has already served the United States Attorney, the Attorney General, or the federal officer. Fed. R. Civ. P. 4(i)(4). As noted above, the Plaintiff has not demonstrated valid service of process on any of these individuals. *See supra* p. 3.

Mr. Synnestvedt has already received 115 extra days for service. Federal Rule of Civil Procedure 4(m) requires service within 120 days of the filing of the complaint. The 120th day fell on August 25, 2009. Nine days later, the Court reminded the Plaintiff of the

4

120-day deadline and gave him until September 23, 2009, to file a return of service. Order (Sept. 3, 2009) (Doc. 12). This order would have provided Mr. Synnestvedt with a total of 29 extra days to effect service. Since this extended deadline lapsed, another 86 days have passed. Thus, Mr. Synnestvedt has already had 115 extra days to effect service.

Upon refiling, a potential issue of timeliness could arise. *See* 42 U.S.C. § 405(g) (stating that an action for judicial review must be initiated within 60 days of the mailing of the administrative decision or "such further time as the Commissioner of Social Security may allow"). The Court need not address the potential issue here, as the suggested dismissal "without prejudice"[7] would leave the parties free to present their respective arguments on timeliness if the Plaintiff refiles the action. Even if a subsequent action would be considered untimely, a further extension of time would be unnecessary because of the Plaintiff's failure to show good cause.[8]

A permissive extension of time[9] would be inappropriate. Over three months ago, the Court directed the Plaintiff to file proof of service by September 23, 2009, or show cause

---

[7] *See infra* p. 7.

[8] *See Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994) ("The fact that the statute of limitations has run . . . does not demonstrate good cause and does not make dismissal under [the predecessor to Rule 4(m)] inappropriate." (citation omitted)); *see also Cloyd v. Arthur Andersen & Co.*, 25 F.3d 1056, 1994 WL 242184, Westlaw op. at 2 (10th Cir. June 7, 1994) (unpublished op.) ("That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect service within 120 days does not mandate an extension of time under new Rule 4(m)." (citation omitted)).

[9] "[U]nder [Rule 4(m)], a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion." *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

5

why the action should not be dismissed under Rule 4(m). *See supra* pp. 4-5. The action is now over seven months old, the extension expired 86 days ago,[10] and still there is no showing of valid service on any of the individuals that must be served under Rule 4(i). In these circumstances, the Plaintiff has not shown good cause for more time on top of the 115 extra days he has already enjoyed.

Significance of Actual Notice to the Defendant

The Plaintiff argues that he has provided "[a]ll parties . . . with adequate notice," adding that the Defendant's allegation of "confusion" is belied by the fact that it filed a motion to dismiss. Plaintiff's Response to Defendants [sic] Motion to Dismiss at p. 5 (Dec. 5, 2009) (Doc. 31). The Plaintiff's argument is misguided as a matter of law.

Under the Plaintiff's logic, the mere filing of a motion to dismiss would be fatal to his own challenge because the defendant's assertion of any argument would present conclusive evidence of actual notice. The flaw in this circular argument, of course, is that "[a]ctual notice to the defendant" does not substitute for "the directives of Rule 4."[11] As a result, the Plaintiff cannot avoid dismissal based on the fact that the defendant ultimately learned of the suit.[12]

---

[10]    *See supra* p. 5.

[11]    *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) (citations omitted); *accord Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service." (citation omitted)).

[12]    Regardless of whether the Plaintiff's brief provided "notice" of the litigation, the summons obviously would have served this purpose. Nonetheless, as discussed in the text, Fed. R. Civ. P. 4(c) and (i) require the Plaintiff to serve the complaint along with the summons. *See supra* pp. 1-2.

### Whether the Dismissal Should Be "With" or "Without" Prejudice

The final issue is whether the dismissal should be without prejudice. The Defendant asks the Court to make the dismissal "with prejudice," but supplies no authority for this disposition. Federal Rule of Civil Procedure 4(m) requires the dismissal to be without prejudice. The Court should follow this rule and dismiss the action without prejudice to refiling.[13]

### Notice of the Right to Object

Any party may file written objections with the Clerk of the United States District Court[14] by January 4, 2010.[15] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[16]

### Status of the Referral

The referral is discharged.

Entered this 18th day of December, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[13] *See Bowling v. Hasbro, Inc.*, 403 F.3d 1373, 1376 (Fed. Cir. 2005) (stating that a "dismissal with prejudice could not be based on Rule 4(m)" (citation omitted)); *Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 626 (5th Cir. 1997) ("The dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement.").

[14] *See* 28 U.S.C. § 636(b)(1).

[15] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2).

[16] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").